STEAM-GAUGE & LANTERN Co. and others *v.* ROGERS and others.

*(Circuit Court, D. Massachusetts. December 27, 1886.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—No. 244,944.

Patent No. 244,944, to Joseph B. Stetson, dated July 26, 1881, for device raising the glass globes of lanterns, contains an upper plate above the globe, with a central draft-tube that bends over and comes down to the bottom of the lantern, as two tubes, one on each side. Beneath the glass globe is a perforated plate, connected with the upper plate by wires supported laterally by guides on the side draft-tubes, so that, when the upper plate is raised, the globe is raised with it. The raising and lowering are effected by a wire spring attached to the upper plate, and curved to form a thumb-piece. Defendant's lantern has the side-wires hooked into the perforated plate, instead of wound round or under it, and, in place of guides, they are supported laterally by being bent partly round the side tubes. The spring connecting the upper plate to the globe is somewhat different in form; otherwise it is an exact counterpart. *Held,* an infringement.

2. SAME—NOVELTY COMPARED WITH OTHER PATENTS.

The above patent compared with Ford's, No. 117,399, dated July 25, 1871; Colony's, No. 200,176, February 12, 1878; Betts', No. 218,917, August 26, 1879; Irwin's, No. 89,770, May 4, 1869; and Beidler's, No. 187,085, February 6, 1877; and *held* not void for want of novelty.

In Equity.

*E. S. Jenney,* for complainant.

*E. J. O'Brien,* for defendant.

NELSON, J. The plaintiff's patent, No. 244,944, granted to Joseph B. Stetson and his assignees, July 26, 1881, is for new and useful improvements in lanterns, and relates to devices for raising, supporting,

lowering, and securing the glass globe or shade of a lantern, in order to fill, trim, light, or extinguish the lamp. In the language of the specification, the invention "consists in a portable lantern having a globe-supporting frame, and provided with wire, or other suitable connections, adapted to raise and lower the globe relatively to the surrounding frame. It also consists in such devices, in combination with a spring or lock adapted to support the lantern-globe in its raised position, and to secure it in its lowered condition. It also consists in the further devices, and combinations of devices, set forth in the appended claims." The more important features of the invention, as they are set forth in the specification and drawings, and appear in the exhibits in the case, are these: The upper concave plate or disk of the lantern, which serves to direct the current of heated air upwards, is attached to the upper part of the globe by a wire spring, and has a vertical movement on the central draft-tube. The upper plate and the lower perforated plate on which the globe rests, are connected together by wires supported laterally by guides on the side draft-tubes, so that when the upper plate is raised the globe is raised with it. The raising and lowering is effected by a wire spring attached to the upper plate, and curved to form a thumb-piece. This spring, and the friction of the parts, serve to hold the globe in position when raised. The globe is made removable by means of the spring connecting it with the upper plate. The combination of the lifting device with the other parts of the lantern is what is secured by the patent. The first and second claims are as follows:

(1) In a lantern having a globe-supporting frame, the vertically adjustable plate, C, carrying a spring, E, adapted to hold or release the globe, as desired, in combination with the globe, the perforated plate on which it rests, the connecting rods, F, F, serving to unite the top and bottom plates, and suitable guides, adapted to give lateral support to the lower part of the globe, substantially as set forth.

(2) The tubular frame, D, D, and the globe, G, in combination with the plates, C, p, the connecting rods, F, and the guides, H, whereby said globe is raised and lowered by a suitable lever, and guided or steadied laterally in its movements, for the purpose set forth.

The great utility of the invention is obvious upon inspection. It is also proved by the immense number of the lanterns sold by the plaintiffs, exceeding 65,000 dozen annually, as also by the extensive imitations by other manufacturers. It is not a mere aggregation of parts, as claimed by the defendants, but a patentable combination, in which all the parts co-operate to produce a new and useful result. A single one of the parts being absent, the raising of the globe, and the retaining it in position when raised, which is the result to be obtained, would be impracticable with the others.

There is no pretense that the invention is invalid for want of novelty, unless it is showed in one or more of the five following patents: Ford's, No. 117,399, dated July 25, 1871; Colony's, No. 200,176, February 12, 1878; Betts', No. 218,917, August 26, 1879; Irwin's, No. 89,770, May 4, 1869; and Beidler's, No. 187,085, February 6, 1877. So far as I have been able to discover from an examination of the specifications and

drawings of these patents, without the help of exhibits embodying the inventions described in them, no one of them contains the Stetson lifting apparatus, or anything resembling it. Some of the parts of the combination appear in all the patents, but the sliding upper disk, and the side-wires supported on guides, are not to be found in any one of them. So far as these patents are concerned, the Stetson invention is certainly new.

The defendants' lantern differs from the plaintiffs' only in the following particulars: In the former the side-wires are hooked into the lower perforated plate, instead of being wound round or under it; and, in place of guides, they are supported laterally by being bent partly round the side-tubes. The spring connecting the upper plate to the globe is also somewhat different in form from that showed in the drawings of the patent. In all other respects it is an exact counterpart. These differences are evidently variations in form only, and not in substance. They are mechanical equivalents for the corresponding parts in the Stetson lantern, and perform the same functions, in substantially the same way. They are not sufficient to save the defendants' lantern from being an infringement of the first and second claims of the plaintiffs' patent.

Decree for the plaintiffs.